# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| REFLECTION CODE LLC,<br><br>             Plaintiff,<br><br>v.<br><br>1-800 FLOWERS.COM, INC., *et al.*<br><br>             Defendants | **Civil Action No. 2:15-cv-1512-JRG<br>(Lead Case)**<br><br>**This relates to: Civil Action No.<br>2:15-cv-01930-JRG (Member Case)**<br><br>**JURY TRIAL DEMANDED** |

## BEST BUY CO., INC.'S MOTION TO DISMISS

Defendant Best Buy Co., Inc., moves under Federal Rule of Civil Procedure 12(b)(5) for an order dismissing Plaintiff Reflection Code LLC's Complaint in its entirety and this action because Reflection Code has failed to serve its Complaint on Best Buy in accordance with Federal Rule of Civil Procedure 4(m). Further, in the interests of justice and under the precedents of this Court, Best Buy respectfully requests that the Court dismiss the Complaint and this action with prejudice.

### FACTUAL BACKGROUND

Reflection Code has brought suit alleging patent infringement against 19 defendants, including Best Buy. Reflection Code filed suit against Best Buy on November 30, 2015; the action was given the court file number 2:15-cv-01930-JRG. (Member Case, Dkt. No. 1.) On January 27, 2016, the Court consolidated the Bust Buy case, 2:15-cv-01930-JRG, with the other Reflection Code cases under lead case *Reflection Code LLC v. 1-800 Flowers.com, Inc.*, 2:15-cv-1512-

JRG, and directed that all pretrial matters, besides issues related to venue, shall be filed in the lead case. (Member Case, Dkt. No. 5.)

After a scheduling conference had been set, the Court recognized widespread problems with service among the member cases, including late service and failure to serve. (Lead Case, Dkt. No. 35.) The Court *sua sponte* filed an Order to Show Cause for why Reflection Code's complaints "should not be dismissed for failure to comply with FRCP 4(m)." (*Id.* at 3.) At the February 22, 2016 show cause hearing, counsel for Reflection Code represented to the Court that he would correct all errors of service and that all service irregularities would be quickly resolved. Counsel further told the Court that he would not "make the same mistake twice."

At that time, the Court held that it would not use its authority under Rule 4(m) to dismiss the actions where Reflection Code had failed to timely serve process. As of the afternoon of March 1, 2016, Best Buy has not been served with the Complaint and no return of summons has been docketed with the Court.

## LEGAL STANDARD

Under Rule 4(m), a defendant must be served with a complaint within 90 days of when the complaint is filed, or the court "must dismiss the action without prejudice" (unless the plaintiff can show good cause for the failure). An action may be dismissed with prejudice as a sanction for failure to serve "if it finds (1) there is a clear record of (a) delay or (b) contumacious conduct; and (2) the Court expressly determines that a lesser sanction would not serve the interests of justice." *Reynolds v. Dallas Cnty.*, No. 3:07-cv-00513-0, 2009 U.S.

Dist. LEXIS 74797, at *9–10 (N.D. Tex. Aug. 21, 2009)(citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir.)).

## ARGUMENT

Reflection Code filed its complaint against Best Buy on November 30, 2015. Under Rule 4(m), Reflection Code then had 90 days—until February 29, 2016—to serve the Complaint. Under Rule 4(m), the action must be dismissed unless Reflection Code can show good cause for the delay. Reflection Code has already had ample opportunity to serve the Complaint and to explain the reasons for its delay. Therefore the Court should use its authority under Rule 4(m) to dismiss Reflection Code's Complaint and this action without delay.

Moreover, Bust Buy respectfully requests that the Court dismiss the Complaint and action with prejudice. Under precedent from this State and the Fifth Circuit, dismissal with prejudice is an appropriate sanction if the plaintiff has a "clear record of delay" or "contumacious" (i.e. stubbornly disobedient) conduct. *Reynolds*, 2009 U.S. Dist. LEXIS 74797, at *9–10. Plaintiff has filed its 19 complaints in three sets. It has had late service or failed to serve in multiple member cases. The Court has already required Reflection Code to make an appearance and explain why service has been late or nonexistent. Despite Reflection Code's explanations and assurances to the Court, both in writing and in person, Reflection Code has continued to violate the requirements of the Federal Rules that it serve complaints within 90 days. This conduct represents a 'clear record of delay' as well as the stubborn disobedience that constitutes contumacious conduct. In addition, the Court has *already* required Reflection Code to file a written explanation for its delay and to explain the delay in person in front of the Court. Despite the Court's

intervention and Reflection Code's assurances, service has still not occurred, at least as to Best Buy. Therefore, the Court should make the express determination that no lesser sanction than dismissal with prejudice would serve the interests of justice and get Reflection Code's attention sufficient so that it complies with its obligations under the Rules and with the Court's orders.

## CONCLUSION

Because more than 90 days has lapsed since Reflection Code filed its Complaint against Best Buy and no good cause exits for this delay, the Complaint and this action must be dismissed. Bust Buy further respectfully requests that, given Reflection Code's pattern of delay and stubbornness even in the face of a *sua sponte* Show Cause Order, the Court make the express determination that only dismissal with prejudice will serve the interests of justice in this matter.

Dated:  March 1, 2016

**COGHLAN CROWSON, LLP**

/s/ Rickey L. Faulkner
Rickey L. Faulkner
Texas Bar No. 06857095
1127 Judson Road
Suite 211 75601
P.O. Box 2665
Longview, TX  75606
Telephone:     (903) 758-5543
Facsimile:     (903) 753-6989
rfaulkner@ccfww.com

*Attorneys for Defendant*
*Best Buy Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st Day of March, 2016, I electronically filed Defendant Best Buy's Motion to Dismiss with the United States District Court, Eastern District of Texas, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system. I certify that to my knowledge all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Rickey L. Faulkner
Rickey L. Faulkner